# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:99CR125

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| DARRELL TAYLOR ) | |

**THIS MATTER** is before the Court on the Defendant's motion for an injunction to prevent the collection by the Bureau of Prisons of sums to be used to compensate court appointed counsel.

The Petitioner was sentenced by the undersigned on October 5, 2000, and ordered to pay a $100 assessment, $9,205.86 in restitution and the cost of his court appointed attorney's fees. In March 2005, a writ of garnishment was issued to the Eastern Band of Cherokee Indians to garnish the Petitioner's distribution of tribal gaming proceeds. That garnishment was used to pay the Petitioner's restitution. On January 6, 2006, the writ of garnishment was dismissed on notification by the Government that the restitution and assessment had been paid in full.

However, the Bureau of Prisons continues to collect sums from the Defendant because he was ordered to repay the Government for the services of his court appointed counsel. However, the Petitioner's court appointed counsel never submitted a voucher for his services; thus, he never received any compensation from the Government for services rendered in this case.

The Court has not been able to find a time period within which attorneys who serve as court appointed counsel must submit vouchers for payment. **United States v. Stone, 53 F.3d 141, 142 (6th Cir. 1995) (Fee determinations under 18 U.S.C. § 3006A are administrative matters which are not appealable. While many local rules contain time periods within which vouchers must be submitted, the statute itself does not.); United States v. Bloomer, 150 F.3d 146 (2d Cir. 1998); Shearin v. United States, 992 F.2d 1195 (Fed. Cir. 1993).** While it would appear that counsel would have done so within the six years since the sentencing occurred in this case, the Court will provide counsel an opportunity to advise the Court whether he intends to submit a voucher for payment.

**IT IS, THEREFORE, ORDERED** that on or before **MAY 15, 2006,** attorney David Belser shall file with the Court a statement of whether he intends to submit a voucher for services rendered in this action. If he chooses to seek reimbursement, a completed attorney voucher form shall accompany his statement. The Petitioner's motion shall remain pending until such filing is made.

The Clerk shall send copies of this Order to the Defendant and Mr. Belser.

Signed: April 27, 2006

Lacy H. Thornburg
United States District Judge